UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 22-588-MWF (JEM) | **Date:** March 9, 2023 |
| **Title:** AIG Europe S. A. -*v.*- Gerard McCaughey et al | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                                         Court Reporter:
Rita Sanchez                                          Not Reported

Attorneys Present for Plaintiff:           Attorneys Present for Defendant:
None Present                                        None Present

**Proceedings (In Chambers):**     ORDER TO SHOW CAUSE WHY A PRELIMARY INJUNCTION SHOULD NOT ISSUE

Before the Court is Plaintiff AIG Europe S. A.'s ("AIGEU") Amended Ex Parte Application (the "Application"), filed on March 8, 2023. (Docket No. 47). Defendants Gerard McCaughey and Sophie McCaughey filed an Opposition on March 9, 2023. (Docket No. 48).

On March 7, 2023, the Court entered judgment against Defendant Mr. McCaughey and the community estate of Ms. McCaughey for €3,646,735.30 plus 2% pre-judgment interest from March 30, 2020, through March 7, 2023, for a total judgment of €3,860,943.53, plus post-judgment interest. (Docket No. 44). On January 24, 2023, the day after Plaintiff filed its Reply in support of its Motion for Summary Judgment, Ms. McCaughey executed a grant deed in an attempt to convey the real property located at 1808 Agnes Road in Manhattan Beach, CA 90266 (the "Property") to Leaf House LLC. (Application at 1). Plaintiff asserts that this was a not a good-faith arms-length transaction, pointing out that Leaf House LLC shares an office with Mr. McCaughey's company. (*Id.* (citing Exs. 2–7)). Plaintiff argues the Property is community property which the judgment may be enforced against and that Defendants are improperly attempting to hide their assets. (*Id.* at 11).

Plaintiff requests that the Court issue an order temporarily enjoining Defendants and Leaf House LLC from further transferring, disposing of, or encumbering assets including the Property. Plaintiff requests that the Court grant leave to immediately

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-588-MWF (JEM)**                         **Date:  March 9, 2023**
**Title:**      AIG Europe S. A. -*v.*- Gerard McCaughey et al

conduct post-judgment discovery with respect to the Property and grant deed to Leaf House.  Further, Plaintiff requests an order that the judgment is enforceable immediately.

Defendants oppose Plaintiff's request to enjoin Defendants from further transferring, disposing of, or encumbering assets including the Property, primarily arguing that the Property is Ms. McCaughey's separate property.  (Opposition at 2).  Defendants contend that the Property was purchased with Ms. McCaughey's separate property funds.  (*Id.* at 3).

Plaintiff is correct that property acquired by a married person during the marriage while domiciled in the state is presumptively community property.  *In re Brace*, 9 Cal. 5th 903, 914, 266 Cal. Rptr. 3d 298 (2020) ("[t]he presumption, . . .that property acquired during the marriage is community, is perhaps the most fundamental principle of California's community property law.").  However, a spouse may rebut this presumption by tracing the source of funds used to acquire the property to separate property. *Id.*

Dropping the third person for a moment, I get that spouses often own separate property.  Under the circumstances, the quit-claim is understandable, I suppose, as a belt-and-suspenders way of emphasizing that.  But the transfer to Leaf House LLC strikes me as suspicious.  It's certainly unexplained right now.

Accordingly, the Court **ORDERS** Defendants to show, in writing, no later than **March 20, 2023**, why an injunction enjoining Defendants from further transfer, disposal, or encumbrance of assets should not be issued.  In particular, Defendants should demonstrate that the Property was indeed Ms. McCaughey's separate property and explain the reasoning behind the transfer.  Plaintiffs may file a written reply to the Defendant's response no later than **March 27, 2023**.  The Court will hold a preliminary injunction hearing on **April 3, 2023**, at **11:00 a.m.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 22-588-MWF (JEM)                              **Date:**  March 9, 2023
Title:         AIG Europe S. A. -*v.*- Gerard McCaughey et al

Additionally, because Plaintiff's additional requests are unopposed and for good cause shown, those requests are **GRANTED** as follows:

1. Plaintiff may immediately begin issuing post-judgment discovery against Gerard McCaughey, Sophie McCaughey, and Leaf House, LLC with respect to the Property and the grant deed to Leaf House; and

2. The judgment is immediately enforceable.

   IT IS SO ORDERED.